IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WILLIAMS, et al., : | |
| : | CIVIL ACTION |
| Plaintiffs, : | |
| : | NO. 07-3608 |
| v. : | |
| : | |
| ERIC B. HALDORSEN, : | |
| : | |
| Defendant. : | |

**MEMORANDUM AND ORDER**

Plaintiffs initiated this action by filing a Complaint on August 30, 2007. This action arises from a motor vehicle incident on November 19, 2006, when, according to Plaintiffs' Complaint, the left front tire of Defendant's 1996 Ford Windstar became detached from Defendant's vehicle and struck the windshield of Plaintiff's vehicle. On August 25, 2008, Defendant filed the instant Motion for Summary Judgment. (Doc. No. 29.) On September 18, 2008, Plaintiffs filed a Response in Opposition to Defendant's Motion for Summary Judgment. (Doc. No. 32.) The matter was reassigned to this Court on November 14, 2008. On February 18, 2009, this Court ordered the parties to file Statements of Undisputed Facts, which they filed on March 6, 2009, and March 11, 2009, respectively. (Doc. Nos. 40 & 41). On March 24, 2009, without seeking leave of this Court, Defendant filed a Reply to Plaintiffs' Statement of Undisputed Facts. (Doc. No. 42.)[1]

---

[1] Normally, parties must seek leave of this Court before filing any reply or surreply briefs. See Chambers Policies and Procedures, Jones, J., rev. Jan 12, 2009, at 4. The Court will accept Defendant's Reply in this instance, but the Court will not tolerate future violations of chambers procedures.

In Pennsylvania, "the owner of a motor vehicle must exercise such care with respect to it as not to subject others to unreasonable risk of injury from its operation." Delair v. McAdoo, 188 A. 181, 182 (Pa. 1936).

> Generally speaking, it is the duty of one operating a motor vehicle on the public highways to see that it is in reasonably good condition and properly equipped, so that it may at all times be controlled, and not become a source of danger to its occupants or to other travelers. To this end, the owner or operator of a motor vehicle must exercise reasonable care in the inspection of the machine and is chargeable with notice of everything that such an inspection would disclose. Where such an examination is made and fails to disclose the defects, the owner is relieved from responsibility.

Id. at 183 (internal quotations and citations omitted). In other words, the owner's duty of care "is limited to defects known or discoverable by reasonable inspection." Evans v. Goldfine Truck Rental Serv. Co., Inc., 361 A.2d 643, 649 (Pa. Super. 1976) (citing Delair v. McAdoo).

Under Fed. R. Civ. P. 56©, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56©. In reviewing a motion for summary judgment, the court "does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion." Seigel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1127 (3d Cir. 1995).

Upon consideration of the parties' filings in this case, the Court finds there are genuine issues of fact as to whether Defendant properly inspected his 1996 Ford Windstar prior to the

November 19, 2006, incident at issue in this case. Although Defendant's expert, George H. Meinschein, P.E., opined that "Mr. Haldorson exercised reasonable care concerning the vehicle's maintenance and the repair of the vehicle deficiencies that he observed during 2006," that opinion does not specifically address Defendant's maintenance of the vehicle *prior to the November 19, 2006, incident*. (Def.'s Mot. for Summ. J., Ex. C, at 5.)[2] Furthermore, Plaintiffs have pointed to evidence that refutes Defendant's assertion that he properly maintained his vehicle. Taking the evidence in the light most favorable to Plaintiffs, there is a genuine issue of material fact that precludes summary judgment in Defendant's favor.

AND NOW, this ____ day of March, 2009, it is hereby ORDERED that Defendant's Motion for Summary Judgment is DENIED. It is FURTHER ORDERED that a telephone conference in the above-captioned matter shall take place on April 13, 2009, at 3:00 p.m. Plaintiffs' counsel shall initiate the call to Chambers.

BY THE COURT:

S/ C. Darnell Jones II
                                                                 J.

---

[2] Plaintiffs dispute the admissibility of Mr. Meinschein's expert report. See Pls.' Mot. *in Limine* to Preclude Def. from Presenting Expert Test. of George H. Meinschein, P.E. (Doc. No. 34). Plaintiffs also dispute the use of Mr. Meinschein's report in this Court's consideration of Defendant's Motion for Summary Judgment. See, e.g., Pls.' Opp'n to Def.'s Mot. For Summ. J. 17-20. The Court need not make a determination on this issue now because the evidence of record establishes a genuine issue of material fact as to Defendant's maintenance of his vehicle prior to the November 19, 2006, incident.